[No. 1885.]

## MESSENGER v. GORDON ET AL.

1. PLEADING—NEGLIGENCE—IRRIGATION DITCHES.

In an action against the owners of an irrigation ditch for damages for negligently permitting the ditch to become dangerous so that plaintiff's cattle mired therein and died, a complaint that fails to show when and how the ditch became dangerous, or to allege what defendants neglected to do which they ought to have done, or could have done, to prevent the dangerous condition, fails to state a cause of action.

2. SAME—LICENSE FOR GRAZING.

In an action for damage against the owners of an irrigation ditch for cattle lost by miring in the ditch, a license to graze on the land through which the ditch ran was not a license to graze on the right of way of the ditch, and a complaint that failed to allege that the dangerous condition extended beyond the rght of way failed to state a cause of action

3. SAME—KNOWLEDGE OF DANGER—ASSUMPTION OF RISK.

Where an owner of stock turns them to graze upon land through which an irrigating ditch runs with knowledge of the dangerous condition of the ditch, he assumes the risk of his stock straying upon the ditch, and cannot recover damage for stock lost by becoming mired therein, and in an action for such damage where the complaint fails to allege that plaintiff was ignorant of such dangerous condition, it will be presumed that he knew the condition.

*Error to the District Court of Bent County.*

Mr. EZRA C. NOWELS and Mr. JOHN R. SMITH, for plaintiff in error.

Mr. C. C. GOODALE, for defendants in error.

THOMSON, J.

This appeal was taken from a judgment sustaining a demurrer to the complaint. The following is a copy of that pleading:

" The plaintiff complains of the defendants herein, and for cause of action, alleges:

"*First.* That the defendants and each of them are residents of Prowers County, Colorado, and own and occupy land in said Prowers County under the irrigation canal known now as the 'Fort Lyon Canal Company Canal.'

"*Second.* That for the purpose of conveying water from said canal to their lands in Prowers County, Colorado, to irrigate same, and for water for domestic purposes, the defendants excavated and constructed, or were interested with others in constructing, a lateral ditch upon the following described land in Bent County, Colorado, to wit:

"Southwest quarter ($\frac{1}{4}$) of section one (1) in township twenty-two, (22) south of range forty-eight (48) west, in Bent County, Colorado.

"That said lateral ditch when first constructed was only about one foot in depth and two and one-half feet in width, and was of sufficient capacity to carry all the water necessary for their domestic use, and for the irrigation of their said lands.

"That since the construction of said lateral ditch, the defendants, being owners thereof or therein, have negligently and wrongfully permitted the same to become greatly enlarged in width and depth by erosion caused by the flow of water therein; that said lateral ditch is now in many places of the width of fifteen feet, and of a depth of from three to five feet; that in other places said lateral is only three and one-half feet wide, and three to four feet deep. That the bottom of said lateral ditch is very soft and swampy when the soil is damp from the flowing of water through said lateral ditch; that said defendants have negligently and wrongfully permitted willow bushes and cottenwood trees to grow in and upon the banks of said lateral ditch until said lateral has become obstructed in places and the course changed several feet, and that the defendants have so negligently cared for and managed the said lateral ditch that the same has become and is dangerous and unsafe.

"That the course of said lateral through the land herein mentioned is generally from west to east, and from fifty to sixty feet north of the south line of said land above described,

thereby leaving a strip of ground between said lateral and south line of said tract that cannot be used to pasture stock or for farming without crossing said lateral. That defendants and each of them have refused to change or permit the said lateral to be changed to the south line of said land where same could be fenced at a trifling cost. That the land herein described is all well set to alfalfa, and has stock corrals, sheds, stabling and stock scales erected thereon, and is used as a stock ranch, and the said lateral is a continual menace to the safety of stock ranging and grazing upon said land. That defendants and each of them have frequently been notified and requested to repair and keep in repair the said ditch, but they have ignored said repeated requests, and still leave and allow the said lateral to remain dangerous and unsafe.

" That on or about March 8, 1897, one cow, of the value of thirty dollars ($30.00), belonging to plaintiff, became swamped or imbedded in said lateral ditch, and died. That on or about September 20, 1897, one horse belonging to plaintiff, of the value of twenty-five dollars ($25.00), became swamped or mired in said lateral ditch, and died.; and that said losses occurred by reason of the negligence of defendants in not keeping said lateral in repair, and that plaintiff has been damaged by the negligence of defendants in the matter aforesaid in the sum of fifty-five dollars ($55.00). That said cow and horse were lawfully upon said lands, under a right of pasture thereon, belonging to this plaintiff, and with the consent of the owner of said land. That defendants have not paid said damage or any thereof.

" Wherefore, plaintiff prays judgment against defendants in the sum of fifty-five dollars ($55.00), and such other and further relief as to the court seems proper and just."

The complaint does not show when the ditch was constructed, nor how long after its construction the increase in its size took place. It appears from that pleading that the bottom of the ditch was soft, and that by the growth of willow bushes and cottonwood trees along its banks, it had become obstructed, and its course changed, and that in con-

sequence of its having been negligently managed, it had become dangerous; but it does not appear that the softness of the bottom of the ditch was due to its enlargement, or that there was any difference between the character of its bottom at first and at last. Neither does the complaint show how willows and trees growing on its banks operated or could operate to obstruct it, or in any wise injure it; nor does the complaint advise us in what the negligence consisted by reason of which the ditch became dangerous, or in what respect it was dangerous. One would naturally suppose that the willows and trees by striking their roots down into the ground composing the banks would cause the earth to be firmer, and tend to prevent its washing away, or the enlargement of the ditch. As to what the defendants neglected to do which they ought to have done, or could have done, the complaint is silent; and what little knowledge we possess of natural law, does not enable us to supply the omission.

In the case of the *Irrigating Company v. House*, 14 Colo. 549, which the plaintiff has, for some reason, called to our attention, the allegation was that the defendants negligently and wrongfully caused and permitted the water to run in their canal beyond its capacity to carry water, so that the water overflowed the banks of the canal, and flooded the land of the plaintiff. In that case the pleader did exactly what was not done in the case at bar; he set forth distinctly the facts constituting the negligence or wrong of which he complained; and what comfort the plaintiff proposed to derive from that citation we do not know. His own complaint, is empty, where the other is full and explicit.

But waiving all this, for aught that the complaint shows, the plaintiff may have turned his stock upon the land after the ditch had become dangerous, and with full knowledge of its condition. The width of the right of way of the ditch is not stated; but no complaint is made that its banks, after its enlargement, were outside of its right of way, so that the defendant's privilege of pasture upon the adjoining land, gave him no license upon the land occupied by the ditch. If he

knew the condition of the ditch when he turned his stock upon the land, and as the complaint says nothing to the contrary, we must presume that he did, he took upon himself the risk of his cattle straying into the ditch and being mired and lost.    Whether the person who, without consideration, consented to the cattle being upon the land, owed the plaintiff any duty in respect to the cattle, is a question we need not discuss.   The defendants certainly owed him none.   He had no license from them, and there was no relation between him and them which could, in respect to the condition of the ditch, subject them to a charge of negligence by him.   We find nothing in the complaint which approaches the statement of a cause of action, and the judgment must therefore be affirmed.

*Affirmed.*